## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

TERRANCE L. GAYTON,

        Plaintiff,

v.                                              No. CV 11-1016 WJ/KBM

JAMES LOPEZ,

        Defendant.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed without prejudice.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts two claims under the Fourth Amendment. Plaintiff alleges that Albuquerque police officers searched and arrested him without probable cause. He also alleges that

the state court violated his plea agreement at sentencing.  The only relief sought in the complaint

is "to have the charge dismissed."

Plaintiff may not collaterally attack a state criminal conviction in this civil rights action.  As

the Supreme Court has stated,

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress"
> against any person who, under color of state law, "subjects, or causes to be subjected,
> any citizen of the United States . . . to the deprivation of any rights, privileges, or
> immunities secured by the Constitution." . . .  Despite its literal applicability,
> however, § 1983 must yield to the more specific federal habeas statute, with its
> attendant procedural and exhaustion requirements, where an inmate seeks injunctive
> relief challenging the fact of his conviction or the duration of his sentence.  Such
> claims fall within the "core" of habeas corpus and are thus not cognizable when
> brought pursuant to § 1983.

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and *Preiser v. Rodriguez*,

411 U.S. 475, 489 (1973)).  Plaintiff's claims are not cognizable in this action.  The relief he seeks,

if available, must be pursued in a habeas corpus proceeding,[1] and the Court will dismiss the

complaint without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma

pauperis (Doc. 2) is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED without prejudice

to his rights under the habeas corpus statutes, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Plaintiff has a pending habeas corpus petition in *Gayton v. Padilla*, No. CV 11-0356 JH/LFG.